United States District Court
Northern District of Indiana

| | |
|---|---|
| **Ryan Klaassen, Jaime Carini, D.J.B.**, by and though his next friend and father, Daniel G. Baumgartner**, Ashlee Morris, Seth Crowder, Macey Policka, Margaret Roth,** and **Natalie Sperazza**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**The Trustees of Indiana University**,<br><br>*Defendant*. | Civ. No.   1:21-cv-238 |

## Motion for Preliminary Injunction

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Ryan Klaassen, Jaime Carini, D.J.B., by and through his next friend and father, Daniel G. Baumgartner, Ashlee Morris, Seth Crowder, Macey Policka, Margaret Roth, and Natalie Sperazza move for a preliminary injunction to enjoin Defendant The Trustees of Indiana University from implementing or enforcing its requirement for all Indiana University students to receive a COVID vaccine by either August 15 or when they return to a campus after August 1, whichever is earlier ("**IU's Mandate**").

Plaintiffs are likely to succeed on the merits of their claims. Plaintiffs' fundamental substantive due process rights of personal choice, bodily autonomy, medical privacy, and religious convictions are at stake due to IU's Mandate. IU's Mandate violates the Fourteenth Amendment to the U.S. Constitution under the strict scrutiny analysis proper under *Roman Catholic Diocese*, as well as under the *Jacobson*'s exception and modern rational basis review.

Plaintiffs will also likely succeed on the merits of their state claim that IU's Mandate

**Mot. for Prelim. Inj.**                                      1

violates the Vaccine Passport Law. If a student doesn't provide IU with his or her COVID immunization status, IU virtually expels that student. Virtual expulsion from school for refusing to provide COVID immunization status is a "negative consequence" that directly violates the Vaccine Passport Law.

Plaintiffs will suffer irreparable harm if IU's Mandate is not enjoined because they will suffer loss of bodily autonomy, loss of an education at a first-class institution, loss of money already invested in that education, loss of current and future earning potential, and loss of medical privacy, to name but a few. The balance of equities favors Plaintiffs because their fundamental substantive due process rights outweigh IU's minimal and speculative risk.

The public certainly has had an important interest in controlling the COVID pandemic. But under the current situation, if IU's Mandate is not enjoined, the student's now superior interest in liberty will be lost. IU runs a very real risk of having a speculatively marginally healthier population of students, but ones who have virtually no control over their own lives and what they must inject into their bodies.

This Motion is based on Plaintiff's *Preliminary Injunction Memorandum* (attached to *Plaintiffs' Motion for Preliminary Injunction Memorandum in Excess of Page Limits*, filed concurrently), pleadings and papers on record herein, and any argument presented at the hearing on this matter.

Pursuant to Federal Rule of Civil Procedure 65(a), all Defendants have been issued Notice of this Motion via certified mail and via email.

**WHEREFORE**, Plaintiff prays this Court grant Plaintiffs' Motion for Preliminary Injunction enjoining Defendant from implementing or enforcing IU's Mandate.

**Mot. for Prelim. Inj.**                         2

Dated: June 21, 2021                                        Respectfully Submitted,

<u>/s/ James Bopp, Jr.</u>
James Bopp, Jr., Ind. Bar No. 2838-84
Richard E. Coleson, Ind. Bar No. 11527-70
Courtney Milbank, Ind. Bar No. 32178-29
Melena S. Siebert, Ind. Bar No. 35061-15
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
rcoleson@bopplaw.com
cmilbank@bopplaw.com
msiebert@bopplaw.com
*Counsel for Plaintiffs*

**Mot. for Prelim. Inj.**                                         3

## Certificate of Service

  I hereby certify that a copy of the foregoing document was served on the following counsel of record in this matter on June 21, 2021, by U.S. First Class mail:

The Trustees of Indiana University
Franklin Hall 200
601 E. Kirkwood Avenue
Bloomington, IN 47405


                /s/ James Bopp, Jr.