**United States District Court**
**Northern District of Indiana**

| | |
|---|---|
| **Ryan Klaassen, Jaime Carini, D.J.B.**, by and though his next friend and father, Daniel G. Baumgartner**, Ashlee Morris, Seth Crowder, Macey Policka, Margaret Roth,** and **Natalie Sperazza**, | **Civ. No.** |
| *Plaintiffs*, | **Plaintiffs' Motion to Consolidate** |
| *v.* | |
| **The Trustees of Indiana University**, | |
| *Defendant*. | |

## Plaintiffs' Motion to Consolidate

Pursuant to Federal Rules of Civil Procedure 65(a)(2), Plaintiffs respectfully move this Court to consolidate the hearing on Plaintiffs' Motion for Preliminary Injunction with the trial on the merits of Plaintiffs' Verified Complaint. In support of this Motion, Plaintiffs state as follows:

"Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). This rule affords this Court broad discretion to consolidate a hearing on the merits with a preliminary injunction hearing. This rule is often used in civil rights actions where only declaratory and injunctive relief is sought and which involve limited questions of fact, or when factual issues are minimal—leaving primarily legal issues in dispute (*see, e.g., Am. Train Dispatchers Dep't of Int'l Bhd. of Locomotive Engineers v. Fort Smith R. Co.*, 121 F.3d 267, 270 (7th Cir. 1997)), or when discovery is unnecessary (*Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.,* 463 F.2d 1055, 1057 (7th Cir. 1972) (when discovery is concluded or unnecessary

-1-

"consolidation may serve the interests of justice")).

The parties should receive "clear and unambiguous notice" of consolidation "before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972). However, the court's broad discretion to grant consolidation will not be overturned unless a showing of prejudice to a party is made. *Socialist Workers Party v. Illinois State Bd. of Elections,* 566 F.2d 586, 587 (7th Cir. 1977).

## I. Consolidation is Proper in this Case.

Consolidation in this case serves the interests of justice. Consolidation per Fed. R. Civ. P. 65(a)(2) eliminates needless repetition of evidence that would otherwise be offered cumulatively at a preliminary injunction hearing and a trial on the same merits, thereby improving efficiency in the management of the case without any distortion of the presentation of evidence by the parties. *See* Fed. R. Civ. P. 65(a)(2) advisory committee's note to 1966 amendment. Furthermore, consolidation is proper when "evidence received in connection with an application for a preliminary injunction which would be admissible on the trial on the merits forms part of the trial record." *See id.* Finally, consolidation will "expedite the final disposition of the action." *Id*.

## A.   The Resolution of this Case Turns on Purely Legal Issues.

This case presents the legal issue of whether Defendant violated the Plaintiffs' Fourteenth Amendment rights and Indiana's Vaccine Passport Law (IC § 16-39-11-5) by mandating that Indiana University ("IU") students receive the COVID vaccine, placing extra requirements on students who receive a religious or medical exemption to IU's Mandate, and requiring students to report their vaccination status. The likelihood of success on the merits will be the decisive

preliminary injunction factor, and the evaluation of this likelihood will be properly before this Court as a matter of law. *See id*.

**B.   The Same Evidence Will be Used for the Preliminary Injunction and the Merits.**

Any factual evidence that may be required and gathered for the preliminary injunction will be relevant to the merits of the case. Plaintiffs and Defendant will present these same facts at any hearing on the merits and the standard of proof to which they will have been subjected is sufficient for their consideration on the claim's merits. Therefore, consolidation will avoid needless repetition of the evidence.

Thus, all of the facts necessary to determine the merits of the complaint are, or will be, before the Court at the preliminary injunction hearing.

**C.   A Decision on the Merits will Expedite Resolution of this Case.**

The primary goal of Plaintiffs is to protect their liberty interests guaranteed by the Fourteenth Amendments against the state's intrusion. Even short deprivations of these Constitutional rights constitutes irreparable harm relevant to the preliminary injunction. Consequently, if Defendant is not enjoined from depriving the Plaintiffs of these rights now, the Plaintiffs will irreparably lose their rights. So expedition is necessary.

Moreover, whether or not Defendant is enjoined from mandating that IU students receive the COVID vaccine, placing extra requirements on students who receive a religious or medical exemption to IU's Mandate, and requiring students to report their vaccination status, and whether Plaintiffs are entitled to a preliminary injunction will determine this matter. Consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint will expeditiously resolve this case.

## Conclusion

In sum, consolidation serves the interests of justice and is proper in this case for at least the following reasons: (1) Plaintiffs' likelihood of success on the merits is decisive and will be before this Court as a matter of law at the hearing for preliminary injunction; (2) the same evidence is relevant Plaintiffs' preliminary injunction and the merits resulting in avoidance of needless repetition of evidence; and (3) it will expedite resolution of this case. This Court should grant Plaintiffs' Motion to Consolidate and provide adequate notice of such consolidation to Defendant.

**WHEREFORE**, Plaintiffs prays this Court grant Plaintiffs' Motion to Consolidate the hearing on Plaintiffs' Motion for Preliminary Injunction with any hearing on the merits of this case.

Dated: June 21, 2021

Respectfully Submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84
Richard E. Coleson, Ind. Bar No. 11527-70
Courtney Milbank, Ind. Bar No. 32178-29
Melena S. Siebert, Ind. Bar No. 35061-15
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
rcoleson@bopplaw.com
cmilbank@bopplaw.com
msiebert@bopplaw.com
*Counsel for Plaintiffs*

**Certificate of Service**

I hereby certify that a copy of the foregoing document was served on the following counsel

of record in this matter on June 21, 2021, by U.S. First Class mail:

The Trustees of Indiana University
Franklin Hall 200
601 E. Kirkwood Avenue
Bloomington, IN 47405

/s/ James Bopp, Jr.