**United States District Court
Northern District of Indiana**

| | |
|---|---|
| **Ryan Klaassen, Jaime Carini, Daniel J. Baumgartner, Ashlee Morris, Seth Crowder, Macey Policka, Margaret Roth,** and **Natalie Sperazza**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **The Trustees of Indiana University**, <br> *Defendants*. | **Civ. No. 1:21-cv-238-DRL-SLC** |

# Motion for Injunction Pending Appeal

Pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1), Ryan Klaassen, Jaime Carini, Daniel J. Baumgartner, Ashlee Morris, Seth Crowder, Macey Policka, Margaret Roth, and Natalie Sperazza et al. (collectively "Students") move for an injunction pending appeal of the Opinion & Order (ECF No. 34) denying injunctive relief to Students.

Students seek an order enjoining IU from enforcing its Mandate until Students' appeal to the U.S. Court of Appeals for the Seventh Circuit is finally adjudicated.

Students today filed their Notice of Appeal to the Seventh Circuit. ECF 35.

Students will file a motion for an injunction pending appeal in the U.S. Court of Appeals for the Seventh Circuit shortly after filing this present motion, advising that court that this present motion has been filed.

Given this case's urgent nature, Students ask the Court to expedite its decision on this Motion. To the extent the Court is disinclined to grant Students' Motion, Students respectfully

request the Court to rule without awaiting a response. Should this Court desire responsive briefing, Students ask the Court to require that any response to the present Motion be filed by noon EST on Wednesday, July 21, 2021. Students waive any reply in the interest of expedition. Students respectfully request a ruling from this Court on or before Thursday, July 22, 2021.

Given that Students allege violation of their fundamental constitutional rights under the Fourteenth Amendment to the United States Constitution, Students ask this Court to not require a bond or other security for this injunction pending appeal or to require a nominal one dollar security payable to the clerk.

## I. Facts

Given this Court's thorough understanding of the facts and its detailed 101-page Order & Opinion (ECF 34) filed less than 48 hours ago, Students will not repeat the facts herein. Plaintiffs rely on the same facts detailed in their Complaint (ECF 1), Preliminary Injunction Memorandum (ECF 8-1), and all evidence they presented to the Court.

## II. Legal Standard

Granting an injunction pending appeal turns on the same analysis as a preliminary injunction motion, *see, e.g.*, *Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 547-48 (7th Cir. 2007). The Seventh Circuit applies a two-phase approach to analyzing the need for a preliminary injunction. First, "a party seeking a preliminary injunction must demonstrate (1) some likelihood of succeeding on the merits, and (2) that it has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied." *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992) (internal citations omitted). Then, if these "threshold" factors are met, the

court proceeds to "a balancing phase," *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). In the balancing phase, the court must consider "(3) the irreparable harm the non-moving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied; and (4) the public interest, meaning the consequences of granting or denying the injunction to non-parties." *Abbott Labs.*, 971 F.2d at 11–12.

In the final analysis, the district court equitably weighs these factors together on a "sliding scale," by "seeking at all times to 'minimize the costs of being mistaken.'" *Id*. at 12, quoting *American Hosp. Supply Corp. v. Hosp. Prods. Ltd.*, 780 F.2d 589, 593 (7th Cir. 1986). The more likely the plaintiff is to win, the less heavily the balance of harms to the other parties and the public policy arguments for non-parties need to weigh in the plaintiff's favor; the less likely a plaintiff is to win, the more need those factors must weigh in the plaintiff's favor. *See Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018).

## III. Argument

### A. Students are likely to succeed on the merits.

This Court correctly held that Students "have a liberty interest under the Fourteenth Amendment's due process clause." *See Opinion & Order*, ECF 34, p. 55. However, this Court erroneously held that this interest was not sufficient enough or fundamental enough to warrant higher scrutiny. *Id.* Accordingly, this Court held that IU's Mandate should be analyzed under rational basis review. *Id*. at 55. In applying rational basis, this Court held that Students had not shown a likelihood of success, finding that IU's Mandate is "rationally related to ensuring the public health of students, faculty, and staff this fall[,]" and that IU acted reasonably. *See, e.g. id*.

at 55, 57, 79-80, 89.

However, constitutional jurisprudence since *Roe v. Wade.* has developed so that bodily integrity and bodily autonomy in certain contexts, such as this, are considered fundamental rights and subject to heightened scrutiny. *See, e.g. Roe v. Wade*, 410 US 113 (1973); *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 279 (1990). Accordingly, IU should have been required to justify that IU's Mandate is narrowly tailored to serve a compelling state interest.

With this heightened scrutiny, the burden shifts to IU to prove that IU's Mandate is constitutional. Not requiring IU to justify their Mandate under the heightened level of scrutiny due in this case was a fundamental error.

IU is unable to justify its Mandate under the correct legal standard, making Students likely to succeed on the merits.

**B.** **Students have irreparable harm and there is no adequate remedy at law.**

Students have shown irreparable harm and that there is no adequate remedy at law.

This Court correctly held that "[t]o the extent that the students establish a constitutional harm, the law presumes irreparable harm." *Id*. at 91. Accordingly, Students have shown that they are irreparably harmed by IU's Mandate.

Likewise, this Court correctly held that "[i]f there were to be a constitutional injury here, the court could see that there is no adequate remedy at law if it didn't issue the preliminary injunction." *Id*. at 93. As shown above in Part III.A., Students have shown a constitutional injury, so it must follow that there is no adequate remedy at law.

**C.** **The balance of harms and public interest favor Students.**

Given the significant constitutional injury here, the balance of harms and public interest

favor Students.

As shown above, Students are likely to succeed on the merits if the correct standard is employed. Part III.A. So the balance of harms does not need to favor them as strongly. *See id*. at 94. Nevertheless, Students have shown that the balance of harm tips in their favor, where their constitutional rights are being violated. In contrast, IU has not shown that it will be harmed, as the risk of COVID has significantly declined and a significant portion of IU's population is already vaccinated. Moreover, anyone that wants to be vaccinated can do so, free of charge, so Students decision to not vaccinate does not harm others.

This Court correctly held that "[i]f the students had shown a likelihood that the university was unreasonably infringing on their constitutional rights, enjoining that violation would be in the public interest." *Id*. at 96. As shown above, this Court erroneously found that Students were unlikely to succeed. If this Court were to apply the heightened scrutiny, requiring IU to justify its Mandate, then Students would almost certainly succeed. Accordingly, enjoining that violation is in the public interest.

## Conclusion

For the reasons stated herein, this Court should grant Students' *Motion for Injunction Pending Appeal*.

Dated: July 20, 2021

Respectfully Submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84
Richard E. Coleson, Ind. Bar No. 11527-70
Courtney Milbank, Ind. Bar No. 32178-29
Melena S. Siebert, Ind. Bar No. 35061-15
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
rcoleson@bopplaw.com
cmilbank@bopplaw.com
msiebert@bopplaw.com
*Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that a copy of the foregoing document was served on all counsel of record in this matter on July 20, 2021, via the Court's electronic filing system.

/s/ James Bopp, Jr.