UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RYAN KLAASSEN *et al.*, | |
| Plaintiffs, | |
| v. | CAUSE NO. 1:21-CV-238 DRL-SLC |
| THE TRUSTEES OF INDIANA UNIVERSITY, | |
| Defendant. | |

ORDER

The students move to enjoin Indiana University from enforcing its vaccination policy pending their appeal. *See* Fed. R. Civ. P. 62(d). The court reviews this motion under generally the same analysis governing the preliminary injunction motion. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 547-48 (7th Cir. 2007); *see, e.g., Korte v. Sebelius*, 528 F. Appx. 583, 585-86 (7th Cir. 2012).

If the court only had another five days for its preliminary injunction ruling, it would have been shorter. Fair to say the court needn't elaborate on a 101-page opinion. The students never made a strong showing that they were likely to succeed on their constitutional claim's merits. As it turns out, they only made a soft showing.

In this motion, the students posit strict scrutiny by theorizing an expansion of *Roe v. Wade*, 410 U.S. 113 (1973). The court declines to view that theory of error as strong. It stands in contrast to the Constitution, and longstanding precedent from the United States Supreme Court. *See Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997); *Zucht v. King*, 260 U.S. 174, 176-77 (1922); *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 24-25

(1905); *see also Gonzales v. Carhart*, 550 U.S. 124, 163 (2007); *Cruzan v. Director, Missouri Dept. of Health* 497 U.S. 261, 279 (1990); *Washington v. Harper*, 494 U.S. 210, 221-22 (1990).

For any number of reasons articulated in the court's prior opinion, the students lack irreparable harm or an inadequate remedy at law. Indeed, they have many choices available to them that avoid any irreparable harm they perceive in the vaccine policy. Only in the sense of a constitutional violation have they advanced these requirements, albeit again dimly on this record.

The balance of harms and public interest remain undisturbed and now likewise oppose any stay pending appeal. The court addressed these issues in full in its prior opinion. In this motion, the students say their constitutional claim is strong, but it isn't. That low likelihood of success requires from the students a greater showing of the balance of harms. *See Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015).

For that, the students say the COVID-19 risks have significantly declined, a large measure of the university's population has been vaccinated, and their decision won't harm the university or others. COVID-19 risks are lower than at the pandemic's height because of vaccinations; but viral risks prove ever potent, particularly to those who have awaited or foregone vaccination as variants circle and the pandemic persists. In actuality, at least at last count, many thousands of students remained to be vaccinated at the university. And staying the policy pending appeal risks more harm than not.

Add to what the court said Sunday the additional concern today that a stay introduces greater confusion, not less, as to a student's obligation mere weeks before the fall semester begins in August 2021, particularly given the need to receive the vaccine (if

not exempted) and then to wait two weeks after the last dose for it to take hold. And it risks, on this record, the public's and university's greater interest in health and safety.

Six of eight students have exemptions already. A seventh student qualifies if she would just ask. Almost to a one then, the students need only worry about masking, social distancing, and surveillance testing from here. Any real harm to them is thus quite slight while this case proceeds on appeal.

Only one student has an unexemptible choice; and, given the low likelihood of success, she hasn't shown her interest to outweigh the safety of some 90,000 students, 40,000 faculty and staff, or multiple campus communities. For these reasons, and those given by the court before, the interests align firmly against a stay of this policy pending appeal. The circumstances since Sunday haven't turned materially to the better.

The court DENIES the motion for an injunction pending appeal (ECF 37).

SO ORDERED.

July 21, 2021                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court