United States District Court
Northern District of Indiana

| | |
|---|---|
| **Ryan Klaassen, Jaime Carini, Daniel J. Baumgartner, Ashlee Morris, Seth Crowder, Macey Policka, Margaret Roth,** and **Natalie Sperazza**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **The Trustees of Indiana University**, <br> *Defendant*. | **Civ. No. 1:21-cv-238-DRL-SLC** <br><br> **Plaintiffs' Motion to Stay** |

# Plaintiffs' Motion to Stay

Plaintiffs Ryan Klaassen, Jaime Carini, Daniel J. Baumgartner, Ashlee Morris, Seth Crowder, Macey Policka, Margaret Roth, and Natalie Sperazza (collectively "**Students**") respectfully request that this Court stay all proceedings in this case until 35 days after Students' appeal is complete. Students request that this stay include, but not be limited to, a suspension of all discovery and of the deadlines for filing further pleadings and conducting pretrial or scheduling conferences.

## Procedural History

On June 21, 2021, Students filed their *Verified Complaint for Declaratory and Injunctive Relief* (ECF 1). That same day, Students filed a *Motion for Preliminary Injunction* (ECF 7), which was denied on July 18, 2021, (ECF 34). Students immediately appealed this denial (ECF 35) and sought a *Motion for Injunction Pending Appeal* (ECF 37), which was denied on July 21,

-1-

2021. Students continue to seek relief from the appellate courts.[1]

On August 27, 2021, IU filed a Motion to Dismiss (7th Cir. ECF 16-1). Students timely filed their Opposition on September 8, 2021 (7th Cir. ECF 20-1). The Seventh Circuit denied IU's Motion on September 10, 2021, without awaiting a reply brief (7th Cir. ECF 21). Accordingly, the merits of Students' appeal is still pending. Students' Opening Brief is due on September 27, 2021. The response brief and reply brief are due on October 27, 2021, and November 17, 2021, respectively.

While this appeal is pending, the parties continue to have overlapping deadlines in this Court. Defendant's Answer is currently due on September 27, 2021, and an initial pretrial conference is set for September 28, 2021, triggering *inter alia* various disclosures and the start of discovery.

**Argument**

Courts have broad discretion to stay proceedings. *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045–46 (N.D. Ill. 2012); *see also Martin v. SGT Inc.*, Case No. 2:19-cv-00289, 2019 WL 12043488 at *1 (D. Utah 2019) ("[T]he court has broad discretion to stay discovery to protect the parties from undue burden and expense and to promote judicial economy."). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pfizer Inc. v. Apotex Inc.*, 640 F.Supp.2d 1006, 1007 (N.D.Ill. 2009) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

---

[1] Students previously sought an Emergency Motion for an Injunction Pending Appeal (7th Cir. ECF 6-1) and an Emergency Application for Writ of Injunction on August 6, 2021, (S. Ct. Case No. 21A15), which were denied.

The factors considered when deciding whether a stay is proper are, "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether the stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Madbak v. Anthem Ins. Co. Inc.*, Case No. 1:16-cv-03197, 2017 WL 5075262 (S.D. Ind. 2017). Courts have also considered whether the "litigation is at an early stage[]" and whether the public interest favors a stay. *See SCA Hygiene Products Aktiebolag v. Cascades Canada, ULC*, Case No. 17-cv-282, 2017 WL 4484495 (W.D. Wis. 2017); *see also Martin,* 2019 WL 12043488 at * 1.

Here, all factors weigh in favor of granting the stay. Not only would a stay *not* prejudice or disadvantage IU (given the posture of the case and IU's Mandate), it would promote judicial economy and efficiency by streamlining the issues in question. Finally, it would reduce the burden of litigation on both parties and the Court, and benefit the public.

### I. A stay will not unduly prejudice or disadvantage IU.

IU will not suffer prejudice or disadvantage if the stay is granted. The question of prejudice does not consider "the general prejudice of having to wait for resolution," but rather, would the nonmoving party suffer undue prejudice or tactical disadvantage from the stay. *Medline Indus. Inc. v. C.R. Bard, Inc.*, Case No. 17-C-7216, 2019 WL 10948865 (N.D. Ill. 2019) (citing *Sorensen v. Black & Decker Corp.*, Case No. 06CV1572, 2007 WL 2696590, at *5 (S.D. Cal. Sept. 10, 2007) ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.")). IU cannot show *any* prejudice or disadvantage with the granting of a stay, let alone an *undue burden or tactical disadvantage.*

Here, IU's Mandate remains in place pending the resolution of the case. Accordingly,

-3-

staying the case simply maintains the status quo and temporarily accomplishes what IU seeks—continued implementation of its Mandate.

Additionally, while IU may argue that delaying resolution causes them prejudice, a delay alone does not cause *undue* prejudice. In *Pfizer*, the district court granted a motion to stay. *Pfizer, Inc.*, 640 F.Supp.2d at 1008. While the defendant argued that a stay would prejudice them by delaying FDA approval of a drug they had developed, the court held that "a delay of limited duration . . . would [not] cause [Defendant] *undue* prejudice." *Id.* (emphasis in original). Likewise, here, a delay would not cause undue prejudice to IU.

Because a stay simply maintains the status quo—as IU's Mandate remains in full effect while the case is pending—and any delay would not cause undue prejudice or tactical disadvantage, this factor weighs in favor of granting the stay.

## II. A stay will simplify the issues in question and streamline the trial.

A stay pending the resolution of Students' appeal, while it might not dispose of all questions, would narrow the issues pending and assist in the determination of the questions of law. Most importantly, staying the district court proceedings would allow for the Seventh Circuit and/or the Supreme Court to determine the proper level of scrutiny to be employed in vaccine mandate cases, thereby limiting the issues to be determined by this Court and streamlining the litigation.

This factor weighs in favor of a stay.

## III. A stay will reduce the burden of litigation and promote judicial economy.

Students submit that it would reduce the burden of litigation on the parties and conserve judicial resources to allow Students' appeal to be completed prior to continuing the case in this court. Additionally, Students submit that the most efficient way to proceed in this Court is with

the full benefit of any decisions and orders from the Seventh Circuit and/or the Supreme Court on the issues. Otherwise, this Court and parties may invest significant resources into this action only to find that the higher courts require a different scrutiny level to be applied.

Moreover, while both the appeal and this Court are proceeding the parties continue to have overlapping deadlines in both courts. Not staying the proceedings in this Court would increase the burden to all parties and would go against the principles of judicial economy, as the parties will be forced to litigate in both the district court and the appellate court simultaneously.

The principles of judicial economy favor the staying of these proceedings pending the resolution of the appeal. It will reduce the burden and expenses of all parties involved, it will conserve judicial resources, and will streamline the issues and questions thereby reducing the burden for litigation. This factor weighs in favor of granting the stay.

### IV. This case is in the early stages of litigation.

Litigation is still at an early stage. IU has yet to file an Answer and no real discovery has been initiated (absent the discovery needed for the preliminary injunction). On the contrary, litigation in the Seventh Circuit is in full swing. A Motion to Dismiss has been fully briefed, and denied, and merits briefing has commenced (with Student's opening brief due September 27, 2021). In light of the early stage of litigation in this Court and the significant time and resources already dedicated to litigation in the Seventh Circuit, it makes sense to stay this case until Students' appeal is complete.

Additionally, as shown above, a stay at this stage would maintain the status quo. There is no injunction currently in place, so IU's mandate will continue to be implemented as IU intended.

This factor weighs in favor of granting the stay.

## V. The public interest favors granting the stay.

An additional factor that may be considered by courts is the public interest in staying proceedings. *See, e.g. Martin*, 2019 WL 12043488 at *1. Here, the public interest favors granting of the stay, as there is a strong public interest in resolving this dispute *after* the correct level of scrutiny is determined.

As more colleges and other institutions institute vaccine mandates, challenges to these mandates abound. At the heart of each of these challenges is the level of scrutiny that must be applied. By granting a stay, this Court would allow for the Seventh Circuit and/or the Supreme Court to make a determination on what level of scrutiny is appropriate, and provide guidance to lower courts. Accordingly, it is in the public interest to stay these proceedings and await guidance on the proper level of scrutiny to be employed. This factor weighs in favor of granting the stay.

## CONCLUSION

In order to preserve judicial and party resources, and to promote the most efficient resolution of this case, Students ask this Court to stay all proceedings, including, but not limited to, a suspension of all discovery and of the deadlines for filing further pleadings and conducting pretrial or scheduling conferences, until 35 days after Students' appeal is complete, either:

- 35 days after parties' certiorari petition deadline (if neither party elects to file a certiorari petition), or

- 35 days after the Supreme Court issues a final decision (if one of the parties files a certiorari petition); whichever is later.

Dated: September 16, 2021    Respectfully Submitted,

/s/ Courtney Turner Milbank
James Bopp, Jr., Ind. Bar No. 2838-84
Richard E. Coleson, Ind. Bar No. 11527-70
Courtney Milbank, Ind. Bar No. 32178-29
Melena S. Siebert, Ind. Bar No. 35061-15
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
rcoleson@bopplaw.com
cmilbank@bopplaw.com
msiebert@bopplaw.com
*Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that a copy of the foregoing document was served on all counsel of record in this matter on September 16, 2021, via the Court's electronic filing system.

/s/ Courtney Turner Milbank
Courtney Turner Milbank
