United States District Court
Northern District of Indiana

| | |
|---|---|
| Ryan Klaassen, Jaime Carini, Daniel J. Baumgartner, Ashlee Morris, Seth Crowder, Macey Policka, Margaret Roth, and Natalie Sperazza,<br><br>  *Plaintiffs*,<br><br>v.<br><br>The Trustees of Indiana University,<br>  *Defendant*. | Civ. No.   1:21-cv-238-DRL-SLC |

# Report of Parties' Planning Meeting

1.   The parties held a planning meeting under Fed. R. Civ. P. 26(f) on September 3, 2021, and agreed to this report on September 23, 2021. Courtney Turner Milbank and Melena S. Siebert participated for the Plaintiffs, and Anne K. Ricchiuto participated for the Defendant.

**2.   Jurisdiction.**

The court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a) and 28 U.S.C. §§ 2201 and 2202. The parties agree that the constitutional questions of whether IU has violated the Plaintiffs' Fourteenth Amendment rights satisfies the federal question requirement to support this Court's subject matter jurisdiction over this case.

3. **Pre-Discovery Disclosures.**

The parties disagree on pre-discovery disclosures. Each party's proposal follows:

**Plaintiffs' Proposed Pre-Discovery Disclosures**

X̲    The parties will exchange, but may not file, Rule 26(a)(1) information by 14 days from when Plaintiffs' Motion to Stay [ECF No. 46] is lifted or denied, pursuant to this Court's rules regarding calculation of time.

**Defendant's Proposed Pre-Discovery Disclosures**

X̲    The parties will exchange, *but may not file*, Rule 26(a)(1) information by October 19.

4.     **Discovery Plan.**

   a. The parties disagree upon the entering date for the case management plan.

      i. Plaintiffs propose that the case management plan should not be entered until Plaintiffs' motion to stay proceedings is lifted or denied. All deadlines in this report that relate to the case management plan assume that it will not be entered until the Plaintiff's motion to stay proceedings is lifted or denied.

      ii. IU requests that Court enter the Report of Parties' Planning Meeting at the conclusion of the parties' initial pretrial conference and that the parties' case management deadlines begin to run at that time.

   b. Despite the parties' disagreement on the timing of the case management plan, each party agrees to the subject descriptions pertaining to discovery described below.

      i. **Plaintiffs**: Plaintiffs will seek discovery or supplementation of previous discovery on at least the following subjects:

2

- Defendant's implementation and enforcement of its COVID-related Mandate, including, but not limited to, its policies regarding: COVID testing, quarantining, masking, and other requirements or policies Defendant has put into place.
- The number of COVID infections in the IU student population, the number of deaths caused by COVID in the IU student population, the number of hospitalizations caused by COVID in the IU student population, as well as the same numbers for sickness, deaths, and hospitalizations in the IU student population from non-COVID causes.
- Number of vaccinated students who subsequently contracted COVID.
- Contract tracing data of transmission from an unvaccinated student to a vaccinated student and vice versa.
- Any extension, continuance, or modification of Defendant's Mandate.
- Defendant's decision to add an ethical exemption and the details regarding the implementation and review process for the same.
- The number of IU students exempted from COVID vaccination.
- Defendant's denial of exemption requests.
- Meetings of Defendant's Restart Committee.

  ii. **Defendant**: Discovery will be needed on at least the following subjects:

- Plaintiffs' experience with and adherence to IU's COVID-19 policies
- Plaintiffs' enrollment status and plans
- Dr. Peter McCullough's opinions and qualifications

c. Parties disagree as to how the disclosure or discovery of electronically stored information should be handled. Alternative proposals for ESI follow:

  i. **Plaintiffs' ESI Proposal:** The parties agree to consult with one another regarding ESI, but generally agree that providing the applicable, searchable PDF files to the other party is sufficient.

  ii. **Defendant's ESI Proposal:** The parties agree that all electronically stored information shall be produced in Bates numbered TIFF (or, if not possible, in .PDF) images with a metadata load file, organized by family (to the extent possible) with the

3

    following metadata fields: BegDoc, EndDoc, BegAttach, EndAttach, FileName, Title, Author, CreateDate, CreateTime, LastModDate, LastModTime, SentDate, SentTime, RecdDate, RecdTime, From, To, CC, BCC, Em_Subject, FileSize, FilePath, FileType, NativeFilePath, and Custodian, unless otherwise agreed to by the parties or ordered by the Court.

d. The parties disagree as to the timing of discovery deadlines. Each party's proposed deadlines follow:

    i. **Plaintiffs' Proposed Discovery Deadlines:**

        a. The last date to complete all discovery is **270 days** from when the case management plan is entered by this Court.

        b. The last date to complete all discovery related to Plaintiff's expert witnesses is **180 days** from when the case management plan is entered by this Court.

        c. The last date to complete all discovery related to Defendant's expert witnesses is **240 days** from when the case management plan is entered by this Court.

        d. Supplementation of discovery for all parties is required within **10 days** of when the new information is acquired.

    ii. **Defendant's Proposed Discovery Deadlines:**

        a. The last date to complete all discovery is **200 days** from when the case management plan is entered by this Court.

        b. The last date to complete all discovery related to Plaintiff's expert witnesses is **130 days** from when the case management plan is entered by this Court.

  c. The last date to complete all discovery related to Defendant's expert witnesses is **160 days** from when the case management plan is entered by this Court.

  d. Supplementation of discovery for all parties is required within **30 days** of when the new information is acquired.

e. The parties agree on the following limitations for discovery:

  i. Maximum of **25** interrogatories by each side.

  iii. Maximum of **25** requests for admission by each side.

  iv. Maximum of **8** depositions by Plaintiffs and **8** by Defendant, excluding depositions taken for purposes of the preliminary injunction proceedings.

  v. Each deposition is limited to a maximum of **7** hours unless extended by stipulation.

f. The parties disagree upon the disclosures related to Rule 26(a)(2) witnesses. Each party's proposal follows:

  **i. Plaintiffs' Proposal:** The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

   a. **150 days from when the case management plan is entered by this Court** for Plaintiffs;

   b. **210 days from when the case management plan is entered by this Court** for Defendant; and

   c. **within 10 days of when the new information is acquired** for Rule 26(e) supplements.

  **ii. Defendants' Proposal:** The parties must disclose the identity of any Rule 26(a)(2)

witness and the witness's written report (if applicable) by:

    a. **<u>45 days from when the case management plan is entered by this Court</u>** for Plaintiffs;

    b. **<u>75 days from when the case management plan is entered by this Court</u>** for Defendant; and

    c. **<u>within 14 days of when the new information is acquired</u>** for Rule 26(e) supplements.

5. **Other Items.**

   a. The last date either party may seek permission to join additional parties and to amend the pleadings is 30 days from when the case management plan is entered by this Court.

   b. The time to file dispositive motions and Rule 26(a)(3) pretrial disclosures will be governed by separate order.

   c. The case should be ready for bench trial by **270 days** following the conclusion of discovery and at this time is expected to take between 3-5 days.

   d. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

6. **Alternative Dispute Resolution.**

The parties' settlement prospects will not be enhanced by ADR.

Dated: September 23, 2021

Respectfully Submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84
Richard E. Coleson, Ind. Bar No. 11527-70
Courtney Milbank, Ind. Bar No. 32178-29
Melena S. Siebert, Ind. Bar No. 35061-15
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
rcoleson@bopplaw.com
cmilbank@bopplaw.com
msiebert@bopplaw.com
*Counsel for Plaintiffs*

FAEGRE DRINKER BIDDLE & REATH LLP

/s/ Anne K. Ricchiuto
Anne K. Ricchiuto (Ind. Bar No. 25760-49)
Stephanie L. Gutwein (Ind. Bar No. 31234-49)
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Fax: (317) 237-1000
anne.ricchiuto@faegredrinker.com
stephanie.gutwein@faegredrinker.com
*Attorneys for Defendant Trustees of Indiana University*