UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RYAN KLAASSEN, JAIME CARINI, D.J.B., by and through his next friend and father, DANIEL G. BAUMGARTNER, ASHLEE MORRIS, SETH CROWDER, MACEY POLICKA, MARGARET ROTH, and NATALIE SPERAZZA,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUSTEES OF INDIANA UNIVERSITY,<br><br>Defendant. | Case No. 1:21-cv-00238 |

## IU'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY

After commencing this case with an unsuccessful expedited motion for preliminary injunction, followed by three motions for emergency relief (from this Court and two others), Plaintiffs now insist there is no pressing reason to resolve this case. Their nods at efficiency and judicial economy do little to mask their true motivation for asking this Court to stand down: their claims cannot succeed under well-established law. Yet Plaintiffs cite no case supporting a stay of litigation so that a party may avoid an undesired outcome. Plaintiffs' Motion should be denied.

**Argument**

As the party seeking to stay proceedings, Plaintiffs bear the burden of proving that the Court should exercise its discretion in staying the case. *Common Cause Ind. v. Lawson*, No. 1:17-cv-03936-TWP-MPB, 2018 WL 4853569, at *3 (S.D. Ind. Oct. 5, 2018) ("A party has no right to a stay . . . .") (denying stay requested pending interlocutory appeal). When evaluating

1

a motion to stay proceedings, courts consider "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *EEOC v. Fair Oaks Dairy Farms, LLC,* No. 2:11-cv-265, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012) (recognizing "court's paramount obligation to exercise jurisdiction timely in cases properly before it") (quotations omitted). Plaintiffs have failed to meet their burden of proving that a stay is appropriate.

I. **Plaintiffs seek to avoid application of controlling law.**

Plaintiffs contend that a stay is necessary to "assist in the determination of the questions of law." ECF 46 at 4. According to Plaintiffs, "[m]ost importantly, staying the district court proceedings would allow for the Seventh Circuit and/or the Supreme Court to determine the proper level of scrutiny to be employed in vaccine mandate cases . . . ." *Id*. This benign language betrays a very bold request. Plaintiffs seek to delay any further application of the well-established level of scrutiny in this case to allow them the opportunity to *change the law*—including over 100 years of Supreme Court precedent. *See also id.* at 5 ("Otherwise, this Court and parties may invest significant resources into this action only to find that higher courts require a different level of scrutiny to be applied."). But there is no reason for the Court to "await guidance on the proper level of scrutiny to be employed." *Id*. at 6. As this Court's own exhaustive analysis reflects, the proper level of scrutiny to be applied to IU's vaccination policy is not an open question. ECF 34 at 32-54; *Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) (applying rational basis scrutiny); *see also Harris v. Univ. of Mass.*, No. 21-cv-11244, 2021 WL 3848012, at *6 (D. Mass. Aug. 27, 2021) (applying rational basis scrutiny and dismissing challenge to university COVID-19 vaccination requirement); *Norris v. Stanley*, No. 1-

US.134672775.04

21-cv-756, 2021 WL 3891615, at *1 (W.D. Mich. Aug. 31, 2021) (applying rational basis scrutiny and denying TRO against university COVID-19 vaccination requirement). Simply put, the constitutionality of vaccine mandates has already been adjudicated. There is no need to "simplify" an issue that already has been decided.[1] *See Mays v. Credit One Banks, N.A.*, No. 1:16-cv-01151-TWP-DML, 2017 WL 3838687, at *3 (S.D. Ind. Sept. 1, 2017) (denying stay pending appeal where legal issue was previously resolved); *Contra* ECF 46 at 3-4.

## II. Plaintiffs are requesting an extraordinary delay that will prejudice IU.

Plaintiffs' requested stay is also striking for its duration, which will prejudice IU. ECF 46 at 6. IU has a compelling interest in maintaining its COVID-19 safety policies on campus without the uncertainty created by pending litigation. Yet Plaintiffs request that this Court delay proceedings "until 35 days after Students' appeal is complete," *id.* at 1, which they admit could include not only the appeal currently pending before the Seventh Circuit (a process of unknown duration), but also a certiorari petition and decision by the Supreme Court, *id*. at 4. Plaintiffs are all but requesting an indefinite stay of the proceedings before this Court. This request is contrary to the admonition that "a stay should not 'be indefinite or otherwise excessive.'" *Puget BioVentures, LLC v. DePuy Orthopaedics, Inc.*, No. 3:10-cv-00463-JD-MGG, 2017 WL 3495595, at *2 (N.D. Ind. Aug. 14, 2017) (quoting *Lincoln Int'l Life Ins. Co. v. Transam. Fin. Life Ins. Co.*, No. 1:08-cv-135-JVB-RBC, 2009 WL 1108822, at *2 (N.D. Ind. Apr. 24, 2009)).

Plaintiffs' proposed delay leaves their challenge to the constitutionality of IU's overall pandemic response hanging in the balance. Even apart from IU's vaccination requirement,

---

[1] For this reason, this case is distinguishable from, for example, *In re Groupon Derivative Litigation*, 882 F. Supp. 2d 1043, 1048 (N.D. Ill. 2012) (recognizing interplay between related derivative and securities actions), and *SCG Hygiene Products Aktiebolag v. Cascades Canada, ULC,* No. 17-cv-282-wmc, 2017 WL 4484495, at *1-3 (W.D. Wis. 2017) (granting stay pending *inter partes* review of patents), cited by Plaintiffs. ECF 46 at 2.

3

Plaintiffs contend that IU cannot impose other basic safety measures, like masking and testing, without running afoul of the Constitution. *See, e.g.*, ECF 84 at 85. As the pandemic evolves, IU has an interest in obtaining a final judgment confirming that its approach to responding to the pandemic is constitutional. IU's campus communities will benefit from this certainty. Plaintiffs' proposed indefinite delay thus will inherently prejudice IU.

Moreover, Plaintiffs' newfound comfort with such a leisurely pace is inconsistent with the urgency with which Plaintiffs initially sought relief from this Court. COVID-19 is still plaguing our country, and IU's vaccination policy remains in force. Plaintiffs make no attempt to explain why their need to challenge IU's policy is no longer urgent.[2] They certainly have "not described with sufficient particularity what prejudice or undue burden" they would suffer without a stay. *Inovateus Solar, LLC v. Polamer Precision*, No. 3:16-cv-312-MGG, 2017 WL 7362739, at *2 (N.D. Ind. June 12, 2017) (denying stay).

### III. Judicial economy is promoted by denying the stay.

The interests of efficiency and economy in litigation are "best served by moving cases along." *Common Cause Ind.*, 2018 WL 4853569 *at 2 (denying stay during interlocutory appeal). And courts have denied stays when the benefits of a stay are speculative. *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 12-cv-346-bbc, 2013 WL 6044407, *at 3-4 (W.D. Wisc. Nov. 14, 2013). Here, the supposed benefit Plaintiffs posit is purely speculative: only *if* Plaintiffs are successful in overturning a century of precedent involving vaccine mandates will any efficiencies be gained by having stayed this litigation. If instead appellate courts simply apply well-settled

---

[2] Plaintiffs' requested stay is also in tension with the position they recently took in the Seventh Circuit. In response to IU's motion to dismiss Plaintiffs' appeal in light of Plaintiff Sperazza's voluntary decision to withdraw from IU, Sperazza submitted a declaration insisting that if the vaccination requirement "is lifted, I intend to return to IU in 2022 spring semester." *Klaassen v. Trs. of Ind. Univ.*, Case No. 21-2326, ECF 20-2.

4

law to Plaintiffs' claims, this case will have lingered for months or years with no benefit (and, as noted, with prejudice to IU). This Court has a duty to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Judicial economy is served by denying the stay.

### IV. Public policy and the public interest support denial of a stay.

Especially here, where the applicable legal standards are well settled, Plaintiffs' request to create a new basis for staying trial court proceedings presents troubling incentives for litigants. Plaintiffs' proposed standard would encourage unmeritorious lawsuits in which plaintiffs press for preliminary relief, and then simply park the case to languish in the district court while they seek a change in law from an appellate court. This outcome is contrary to the fact that this Court generally retains jurisdiction to proceed with the merits of the case during pending interlocutory appeals. *Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) (interlocutory appeal "does not prevent the district court from finishing its work and rendering a final decision"); *Shevlin v. Schewe*, 809 F.2d 447, 450-51 (7th Cir. 1987). Not surprisingly, no case Plaintiffs cite relegates district courts to waystation status under similar circumstances. This Court should decline Plaintiffs' request to do so because "[t]he discretionary use of judicial resources and the encouragement to resolve pending litigation implicate the public's interest and weigh against a stay." *Ticor Title Ins. Co. v. Brezinski*, No. 2:08 cv 333, 2009 WL 305810, at *2 (N.D. Ind. Feb. 9, 2009). For these reasons too, the parties should proceed to the merits.

### CONCLUSION

A stay will unduly prejudice IU without simplifying or streamlining any issues before the Court and runs counter to the public interest. IU respectfully requests that Plaintiffs' Motion to Stay be denied.

5

Date: September 27, 2021  FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Anne K. Ricchiuto*
Anne K. Ricchiuto (#25760-49)
Stephanie L. Gutwein (#31234-49)
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000
anne.ricchiuto@faegredrinker.com
stephanie.gutwein@faegredrinker.com

*Attorney for defendant Trustees of Indiana University*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

James Bopp, Jr.
Richard E. Coleson
Courtney Milbank
Melena S. Siebert
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807

*/s/ Anne K. Ricchiuto*

US.134672775.04