# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

February 16, 2022

To:  Gary T. Bell
     UNITED STATES DISTRICT COURT
     Northern District of Indiana
     Fort Wayne, IN 46802-0000

| | |
|---|---|
| No. 21-2326 | RYAN KLAASSEN, et al.,<br>　　　Plaintiffs - Appellants<br><br>v.<br><br>TRUSTEES OF INDIANA UNIVERSITY,<br>　　　Defendant - Appellee |
| **Originating Case Information:** ||
| District Court No: 1:21-cv-00238-DRL-SLC<br>Northern District of Indiana, Fort Wayne Division<br>District Judge Damon R. Leichty ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                    No record to be returned

form name: **c7_Mandate**    (form ID: **135**)

In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 21-2326

RYAN KLAASSEN, *et al.*,

                                                                        *Plaintiffs-Appellants*,

*v.*

TRUSTEES OF INDIANA UNIVERSITY,

                                                                        *Defendant-Appellee*.

_____

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:21-CV-238 DRL — **Damon R. Leichty**, *Judge*.

_____

ARGUED JANUARY 11, 2022 — DECIDED JANUARY 25, 2022

_____

Before EASTERBROOK, SCUDDER, and KIRSCH, *Circuit Judges*.

PER CURIAM. Indiana University requires students and faculty to be vaccinated against SARS-CoV-2, which causes COVID-19. After the district court denied plaintiffs' request for a preliminary injunction, we denied a motion for an injunction pending appeal. 7 F.4th 592 (7th Cir. 2021). Our opinion observed that, because seven of the eight plaintiffs qualify for the University's exemption for students who represent that vaccination conflicts with their religious beliefs, standing

2                                                                    No. 21-2326

depends on the eighth plaintiff, who does not assert that vaccination is religiously unacceptable. *Id*. at 593.

Before the parties filed their appellate briefs on the merits, the University asked us to dismiss the litigation as moot. The University told us that Natalie Sperazza, the sole plaintiff ineligible for a religious exemption, has withdrawn from the University. Plaintiffs replied that Sperazza has deferred her enrollment, not withdrawn, and that she plans to attend if she can do so without being vaccinated. We accepted that representation and denied the University's motion.

The parties then filed their briefs, which do not shake our confidence in the correctness of our earlier decision. But before reaching the merits we must revisit mootness. Because plans can change, and because the briefs do not discuss the plaintiffs' current status, we asked at oral argument whether Sperazza still intends to attend Indiana University if she can do so without vaccination. She promptly gave a negative answer. Her declaration says: "I have no plans to return as a student at Indiana University."

At the pre-briefing stage, plaintiffs told us that the suit is justiciable for two reasons: Sperazza's status (now altered) and the fact that all plaintiffs contest the requirement that unvaccinated students wear masks and be tested regularly for COVID-19. Their appellate brief ignores the mask-and-test requirement, however, so that aspect of the suit has been abandoned. Plaintiffs' attempt to revive this subject in a post-argument memorandum comes too late.

Plaintiffs nonetheless ask us to treat this litigation as justiciable because the subject is capable of repetition but evading review. That contention is mistaken, for two reasons.

No. 21-2326　　　　　　　　　　　　　　　　　　　　　　　3

　　First, the capable-of-repetition doctrine applies only if the dispute can recur between the same parties. See, e.g., *Los Angeles v. Lyons*, 461 U.S. 95 (1983); *Weinstein v. Bradford*, 423 U.S. 147 (1975). Given the religious exemption enjoyed by seven plaintiffs, and the withdrawal of the eighth, these plaintiffs will not be aggrieved by the University's vaccination requirement in the future.

　　Second, only short-lived disputes evade review. See, e.g., *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 481–82 (1990); *Sosna v. Iowa*, 419 U.S. 393, 399–400 (1975). This vaccination policy is not in that category. Indiana University requires many vaccinations, and none of the litigants suggests that SARS-CoV-2 is just a temporary addition to the list. College enrollment usually lasts four years, and some students go on to graduate education (one of the plaintiffs was a law student when the suit began). Challenges to other vaccination requirements have been resolved by the Supreme Court, see *Biden v. Missouri*, No. 21A240 (Jan. 13, 2022); *National Federation of Independent Business v. Department of Labor*, No. 21A244 (Jan. 13, 2022), even though those requirements were adopted after Indiana University's. The problem in obtaining judicial review does not stem from an evanescent policy, whose application will be complete before a court can act. The obstacle to resolution of this suit is that the only plaintiff with standing withdrew from the University.

　　The judgment of the district court is vacated, and the case is remanded with instructions to dismiss as moot.

CERTIFIED COPY
A True Copy
Teste:

_Lindsay Conway_
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

January 25, 2022

Before

FRANK H. EASTERBROOK, *Circuit Judge*
MICHAEL Y. SCUDDER, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*

| No. 21-2326 | RYAN KLAASSEN, et al., <br> Plaintiffs - Appellants <br><br> v. <br><br> TRUSTEES OF INDIANA UNIVERSITY, <br> Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:21-cv-00238-DRL-SLC <br> Northern District of Indiana, Fort Wayne Division <br> District Judge Damon R. Leichty ||

The judgment of the district court is **VACATED**, and the case is **REMANDED** with instructions to dismiss as moot.

The above is in accordance with the decision of this court entered on this date. The University recovers costs.

form name: c7_FinalJudgment   (form ID: 132)

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit